IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD MICHAEL CUSTER,**

        **Plaintiff,**

**v.**                                               **Civil Action No. 2:08cv54**
                                                                 **(Judge Maxwell)**

**WV NORTHERN REGIONAL JAIL,**
**JAMES SPENCER, SHAR MURRIN MASON,**
**LT. MIDCAP AND CAPT. STOCKGLASS,**

        **Defendants.**

### OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On February 29, 2008, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. In the complaint, the plaintiff asserts that the defendants harassed and tortured him while incarcerated at the Northern Regional Jail, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.[1]

On April 9, 2008, the plaintiff was granted permission to proceed as a pauper and was assessed an initial partial filing fee. Due to changed circumstances, the plaintiff's initial partial filing fee was subsequently waived on April 23, 2008. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 83.01, et seq.

---

[1] The cruel and unusual punishment clause of the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wilson v. Seiter, 501 U.S. 294 (1991).

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

In general, the Eighth Amendment prohibits "cruel and unusual punishment." Farmer v. Brennan, 511 U.S. 825 (1994). In order to comply with the Eighth Amendment, prison punishment must comport with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official

---

[2] Id. at 327.

knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837.

### A.  WV Northern Regional Jail

"Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit." Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983). Accordingly, the WV Northern Regional Jail is not a proper party to this suit and should be dismissed.

### B.  Defendants Spencer, Mason, Midcap and Stockglass

In the complaint, the plaintiff alleges that defendants Spencer, Mason, Midcap and Stockglass harassed, threatened and unfairly punished him while he was housed at the Northern Regional Jail. In addition, the plaintiff asserts that these defendants ignored numerous threats to his safety, and in fact, ignored or encouraged other inmates to harass, threaten and harm him. As a result, the plaintiff asserts that he suffered physical and mental injury. Accordingly, the undersigned believes that defendants Spencer, Mason, Midcap and Stockglass should be made to answer the complaint.

### IV.  Recommendation

For the reasons set forth herein, the undersigned recommends that:

(1) the plaintiffs' claims against the Northern Regional Jail be **DISMISSED with prejudice**; and

(2) the plaintiffs' claims against defendants Spencer, Mason, Midcap and Stockglass proceed and that those defendants be **SERVED** with a copy of the summons and complaint through the United States Marshal Service.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 24, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE